IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

KAREN M. LOSH,
as Administratrix of the
ESTATE OF JAMES R. ROBERTS,

                              Plaintiff,

v.                                                        CIVIL  ACTION  NO.  3:09-1495

TETON TRANSPORTATION, INC.,
a Tennessee corporation;
D & L LEASING, L.L.C.,
a Tennessee limited liability company; and
BREAZEALE W. NORRIS,

                              Defendants.

**ORDER**

        Pending is the defendants Teton Transportation, Inc. and D&L Leasing, L.L.C.'s Motion

to Dismiss Count VI of the plaintiffs Dylan and Wade Evans' Complaint. [Consol. Doc. 73].  For

the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

**BACKGROUND**

        This action arises out of automobile accident that occurred in Teays Valley, West Virginia.

On November 21, 2009, a loaded tractor-trailer driven by defendant Breazeale Norris crashed into

the rear of a 2005 Hyundai Elantra, causing one death and other serious injuries to the occupants.

Plaintiff Dylan Evans was a back-seat passenger in the vehicle.[1]  After the accident, defendant

---

        [1] As a result of the accident, Dylan Evans suffered a closed head injury, subdural
hematoma, pneumocephalus, L1-L2 fracture, and facial fractures.

Norris allegedly attempted to flee the scene, but was found shortly thereafter.  The Putnam County Sheriff's Department administered a field sobriety test on Mr. Norris, which confirmed that he had been under the influence of intoxicating substances.  He was arrested, and is currently awaiting trial in state court on various charges related to the accident.

The Evans' complaint is now part of a consolidated action whereby all of the occupants of the automobile have sought similar relief against various parties, including Mr. Norris and defendants Teton Transportation, Inc. ("Teton") and D&L Leasing, L.L.C. ("D&L").  The plaintiffs collectively allege that Mr. Norris was an employee of Teton and D&L at the time of accident, and therefore Teton and D&L are liable for their injuries.

**STANDARD OF REVIEW**

Teton and D&L seek to dismiss Count VI of the Evans' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In ruling on a motion to dismiss, the factual allegations in the complaint must be taken in the light most favorable to the plaintiff.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.").  The complaint must, however, consist of more than mere "labels and conclusions," and contain facts sufficient "to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 555, 570.  Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

## DISCUSSION

The issue presented is whether West Virginia permits a parent of a minor child who is injured by a third-party tortfeasor to recover damages for loss of filial consortium. The Court notes at the outset that West Virginia courts have not addressed this precise issue. The parties agree that West Virginia law allows a parent of a minor child the opportunity to recover for economic losses arising out of a child's injuries. *See, e.g.*, *State ex rel Packard v. Perry*, 655 S.E.2d 548, 556 (W. Va. 2007). However, Teton and D&L contend that Count VI should be dismissed because the Supreme Court of Appeals of West Virginia has limited a parent's potential recovery for a child's injuries solely to an economic basis.

The defendants are correct that, at the common law, courts traditionally restricted a parent's ability to recover non-economic consortium losses for a child's injuries. *See Michaels v. Nemethvargo*, 571 A.2d 850, 858 (Md. 1990). The idea was simply that parents had only what was tantamount to an economic interest in their children—in the form of the fruits of their labor. Hence, an injury to the child would necessarily cause limited consequential economic harm to the parent. Recovery for loss of consortium, however, was not recognized in the same vein because parents were not understood to depend on the love and companionship of their children in the same manner in which children would depend upon parents. *See Roberts v. Williamson*, 111 S.W.3d 113, 117 (Tex. 2003).

Other Courts have adopted a more progressive view, recognizing filial consortium claims for loss of society and companionship. These courts draw on the nature of the modern changes in the structure of the familial relationship between parents and children, as well as the reciprocal right of a child to sue for consortium losses when the parent is injured. *See Shockley v. Prier*, 225

N.W.2d 495, 500 (Wis. 1975) ("We submit that today's relationship between parents and children is, or should be, more than that between master and servant."). In that breath, the plaintiffs argue that, if given the opportunity, the Supreme Court of Appeals would likely adopt the same approach. In support of their argument, the plaintiffs point to *Belcher v. Goins*, 400 S.E.2d 830 (W. Va. 1990).

In *Belcher*, the court held that a minor child may maintain a cause of action for loss of parental consortium against a third-party tortfeasor who injuries the parent. *Id.* at 842. The plaintiffs argue that, in light of *Belcher*, there is no reason why the Supreme Court of Appeals would reject a reciprocal claim for filial consortium. Moreover, because parents may generally recover for loss of society and companionship of their children in wrongful death cases, *see Gallimore v. Children's Hosp. Med. Ctr.*, 617 N.E.2d 1052, 1057 (Ohio 1993), the plaintiffs contend that it would be illogical to deny parents the same right where the child suffers a nonfatal injury.

While the Supreme Court of Appeals has not expressly given an affirmative answer on the issue presented, it has delineated two types of claims that accrue when a third-party tortfeasor injuries a minor child:

> A personal injury to a minor child gives rise to two causes of action: (1) an action on behalf of the child for pain and suffering, permanent injury, and impairment of earning capacity after majority; and (2) an action by the parent for consequential damages including the loss of services and earnings during minority and expenses incurred for necessary medical treatment for the child's injuries.

*Packard*, 655 S.E.2d at 556. The court in *Packard* was simply not asked, however, to address whether West Virginia would recognize a claim for filial consortium. The parties in *Packard* did not raise the issue in that case. Moreover, the court's affirmative recognition of a parent's right to bring an action to recover economic damages for injuries sustained by a child does not necessarily mean that a claim for filial consortium would be precluded under West Virginia law. Far from

-4-

rejecting such a claim, the court's language suggests only that a personal injury to a minor child gives rise to "an action by the parent for consequential damages, *including* [but not limited to] the loss of services and earnings." *Id.* (emphasis added).

While the majority view currently appears the be the rule advocated by the defendants, *see Roberts*, 111 S.W.3d at 133 (Jefferson, J., dissenting), a growing number of states have joined the progressive trend in recognizing filial consortium claims. *See, e.g., Gillispie v. Beta Constr. Co.*, 842 P.2d 1272, 1274 (Alaska 1992); *Masaki v. Gen. Motors Corp.*, 780 P.2d 566, 578 (Haw. 1989); *United States v. Dempsey*, 635 So.2d 961, 964-65 (Fla. 1994); *Gallimore*, 617 N.E.2d at 1057 (Ohio); *Shockley*, 225 N.W.2d at 501 (Wisconsin).

Notwithstanding the foregoing discussion, however, the instant proceedings are still at a relatively early stage. Therefore, the Court at this time declines to issue a ruling on this matter of first impression in West Virginia. The Court thus **DENIES** the defendants' motion **WITHOUT PREJUDICE**. The defendants remain free to raise this matter again on a motion for summary judgment if they so desire at the appropriate point in the proceedings.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES WITHOUT PREJUDICE** Teton Transportation, Inc. and D&L Leasing, L.L.C.'s Motion to Dismiss Count VI of the plaintiffs Dylan and Wade Evans' Complaint. [Consol. Doc. 73].

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        December 21, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE